FILED
SUPERIOR COURT
OF GUAM

2024 JAN 10 PM 4: 33

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>vs.<br><br>**JOEY ROSS MANSAPIT TYQUIENGCO,**<br><br>Defendant. | CRIMINAL CASE NO. **CF0685-23**<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on January 8, 2024, for hearing on Defendant **JOEY ROSS MANSAPIT TYQUIENGCO's** ("Defendant") Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 40.50 for Release on Personal Recognizance or in the Alternative to Electronic Home Monitoring ("Motion for Bail Redetermination"). Present were Assistant Attorney General Leah Diaz-Aguon on behalf of the People of Guam ("the Government") and Defendant with counsel, Assistant Public Defender John P. Morrison. In accordance with its ruling from the bench on January 8, 2024, the Court now issues the following Decision and Order DENYING Defendant's Motion for Bail Redetermination.

## BACKGROUND

On November 3, 2023, Defendant was indicted with the following charges: (1) Burglary (As a Second Degree Felony); (2) Terrorizing (As a Third Degree Felony) – 2 Counts; and (3) Resisting Arrest (As a Misdemeanor). (Indictment, Nov. 3, 2023). These charges stem from allegations that Defendant was yelling on his property that he was going to "kill somebody" before

*People v. Tyquiengco*
Case No. CF0685-23
Decision and Order

approaching the victims Jonathan Georges Wurtz and Ashleigh Ann Morales' residence and bashing in a window. (Decl. of Matthew Shuck, Magistrate's Compl., Oct. 26, 2023). Defendant approached the door near the kitchen and attempted to enter the residence while yelling "I'm going to murder you." *Id.* Defendant made entry into the residence and the victims' ran outside of the front door and fled down the street. *Id.* Defendant chased them while holding what appeared to be a metal baseball bat and continued to threaten them saying "I'm going to kill you" and "no one is coming to help you." *Id.* GPD Officers who responded to the scene observed damages to the residence, including a shattered window by the front door; a side door leading to the kitchen with a metal screen door that was pried open; a damaged door jamb; and pieces of broken wood from the door on the kitchen floor. *Id.* Officers also located a pickaxe on the grass nearby which was not previously there according to the victims. *Id.* Defendant was subsequently located and secured in handcuffs but pulled his arms away and used his feet to try to keep himself out of the patrol vehicle. *Id.* Defendant remains confined pending the posting of $10,000 cash bail. *See* Commitment Order, Oct. 26, 2023.

On December 21, 2023, Defendant filed the instant Motion. The Government filed its Opposition to the Motion on December 22, 2023, and subsequently amended it on January 5, 2024.

## DISCUSSION

Defendant moves the Court to release him on personal recognizance as he does not have the means to pay the ten thousand dollars ($10,000.00) cash bail. *See generally*, Mot. Bail Redetermination, Dec. 21, 2023. In the alternative, Defendant requests that he be released to third party custodians and/or electronic monitoring. *Id.*

Under Guam law, the Court must "order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b). Factors for the Court to consider in determining whether Defendant presents a substantial risk of nonappearance or is a danger to the safety of any other person or the community include:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;

(2) the history and characteristics of the person charged, including:

    (i)     length of his/her residence on Guam;

    (ii)     his/her employment status and history, and financial condition;

    (iii)     his/her family ties and relationships;

    (iv)     his/her reputation, character and mental and physical condition;

    (v)     his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;

    (vi)     his/her history relating to drug or alcohol abuse;

    (vii)     the identity of the reasonable members of the community who will vouch for his/her reliability;

    (viii)     whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and

    (ix)     his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

If the Court finds that release on his or her own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 G.C.A. § 40.20. These conditions include:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him and to assist him in appearing in Court;

(b) placement of restrictions on the activities, movements, associations and residence of the person;

(c) placement of the person under supervision by means of electronic monitoring, including electronic monitoring with alleged victim stay-away alert technology, if available, and subject to the payment of fees or the exemption of fees, and other rules established by the court for electronic monitoring;

(d) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(e) release of the person during working hours, but with the condition that he return to custody at specific times;

(f) require the person charged with family violence or violation of a protective order to undergo a lethality risk assessment or other risk assessments deemed appropriate by the Judiciary of Guam; or

(g) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20. Under section 40.20, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community. "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11.

In support of his motion, Defendant offers that he will reside with his sisters and brother in laws in Malojloj who have prepared their home for electronic monitoring accessibility. (Mot. at 3-4). Defendant also sets forth that he "does not appear to be a flight risk and lacks the ability to leave the island" and that he "does not possess a firearm." *Id.* at 4. On November 30, 2023, Probation filed a Declaration re: Eligibility for Participating in the Electronic Monitoring Program indicating that Defendant has been deemed eligible to participate in the program.

Upon consideration of the 8 G.C.A. § 40.15 factors, the Court is concerned with the safety of the community and Defendant's ability to follow court orders, even if he is released on electronic monitoring. While electronic monitoring will provide information as to Defendant's whereabouts, it does not provide information as to what Defendant does within the inclusion zone, and the Court remains concerned about Defendant's ability to exert self-control based on the violent behavior alleged in this matter. Defendant is alleged to have not only forcibly entered the victim's residence but also chased after them with a bat after they fled their residence. *See* Decl. of Matthew Shuck, Magistrate's Compl., Oct. 26, 2023.

Thus, upon the Court's review, Defendant's release on electronic monitoring alone does not sufficiently allay the Court's concerns regarding the safety of the community. This decision, however, does not preclude Defendant from requesting release with proposed third-party custodians in addition to electronic monitoring in the future.

**CONCLUSION**

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Bail Redetermination. A Status Hearing is set for __02|05|2024__ at __10:30 AM__.

**IT IS SO ORDERED,** this __01|10|2024__, *nunc pro tunc* to January 8, 2024.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam